IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14 C 5679 |
| | ) | |
| STEVEN HEFEL and | ) | |
| MICHAEL LAURIE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On January 30, 2014, Chicago police officer Steven Hefel obtained a warrant to search a home at 5711 South Paulina Street as well as the person of Andrew Williams. In his affidavit submitted to obtain the warrant, Hefel stated that on January 29, he had spoken with an informant with whom he had been working for two months and who had supplied information leading to four search warrants that resulted in the seizure of contraband, narcotics, or firearms. The informant told Hefel that on that date, he had gone to 5711 South Paulina to visit Williams. He said that Williams unlocked the residence door with a key. According to the informant, Williams removed a handgun from underneath a bed in the basement and showed it to the informant. The informant said he had visited Williams at that same location several times in the previous month. Hefel further stated in the affidavit that he had driven the informant past the address, and the informant pointed it out as where Williams lives. He also identified Williams from a photograph obtained from a law enforcement database. Hefel also stated that a record check showed that Williams had not registered any firearms and that he was a

convicted felon.

Based on the application, a Cook County judge issued a warrant on January 30, 2014 authorizing Hefel to search both Williams and the 5711 South Paulina residence and seize firearms, ammunition, other contraband, and proof of residency. That same evening, Hefel and his partner, officer Michael Laurie, went to 5711 South Paulina to execute the warrant. They were wearing plain clothes and made a forcible entry. Williams alleges in his complaint in the present case that he and the home's other occupants thought it was a home invasion and attempted to flee. When he got outside, Williams saw police officers and surrendered. He says that the police searched the home and claimed to find narcotics, materials for packaging narcotics, firearms, and ammunition (the firearms, he says, were found in the attic). They arrested Williams and charged him with possession of firearms and narcotics.

Williams alleges that the information that Hefel offered to obtain the warrant was false. He says that he did not ever live at 5711 South Paulina and that the 5711 residence was his grandparents' home. He says that on January 30, he was "attending a social gathering at my relatives [sic] house" at 5711. Compl. ¶ 5. He alleges that the information that Hefel said the information provided to obtain the warrant was false and that the officers knew it.

In Williams's state court criminal case, his counsel filed a motion to suppress evidence under *Franks v. Delaware*, 438 U.S. 154 (1976). Williams contended in the motion that the search warrant was supported by false information: he did not reside at 5711 South Paulina; there was no bed in the basement; he did not have a key to the residence; and that on January 29 (the date the informant supposedly met with him), he

was not at 5711 South Paulina but rather was at his home at 7012 South May all day. Williams supported the motion with several affidavits. The state court trial judge heard argument and denied Williams's motion on January 8, 2015. Williams filed a motion to reconsider, but the trial judge denied that motion as well, on March 5, 2015.

On September 1, 2015, Williams, who by this time had elected to represent himself, entered a guilty plea on two of the charges against him: unlawful use of a weapon by a felon (essentially a felon-in-possession charge) and possession of a controlled substance with intent to deliver. In describing the factual basis for the guilty plea, the prosecutor stated that officer Hefel would testify that as he entered the 5711 South Paulina home to execute the search warrant, Williams fled and threw to the ground 18 clear plastic baggies containing a white powder. They searched the residence and found a 9 millimeter handgun and 17 tin foil packets containing a white powder. A forensic scientist would testify that the substance in the baggies and tin foil packs contained heroin. The prosecutor also offered a certified copy of Williams' prior felony conviction. Williams stipulated that this was the evidence that would be offered at trial. The trial judge accepted Williams's guilty plea and imposed the 5 year prison term agreed upon by the parties. Williams did not seek to withdraw his guilty plea and did not appeal.

Williams filed his complaint in the present case in October 2014, while his state court criminal case was still pending and before the state trial judge had denied his motion to suppress (indeed, before the motion had even been filed). In his complaint, Williams alleged that the search warrant was obtained through false statements; probable cause for his arrest was lacking; and he was wrongfully prosecuted.

3

The Court stayed proceedings in the present case pending resolution of the state criminal case and lifted the stay after Williams was sentenced following his guilty plea. Hefel and Laurie then filed a motion to dismiss, ostensibly under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argued that Williams lacked standing to challenge the search of the 5711 South Paulina home because he was merely a guest; Williams could not challenge the warrant and search because he litigated and lost the same issue in state court; and his claims challenging his arrest and prosecution were barred by his guilty plea.

Defendants supported their motion with numerous materials that were not part of Williams's complaint, including documents related to the issuance of the search warrant; motions filed in the state court criminal case; transcripts of hearings in that case; and other documents. It was readily apparent that the motion was not a proper Rule 12(b)(6) motion: defendants based it in large part not on the claimed insufficiency of the complaint's allegations but rather on affirmative defenses, and it was based on materials that the Court could not properly consider on a Rule 12(b)(6) motion. Defendants' motion was also not a proper Rule 12(b)(1) motion, because Fourth Amendment "standing" is not a matter of subject matter jurisdiction but rather concerns substantive Fourth Amendment law. *See, e.g., United States v. Nechy*, 827 F.2d 1161, 1164-65 (7th Cir. 1987). (In any event, Williams plainly had Article III standing to challenge the warrant in a civil action, because it authorized a search of his person and he suffered injury due to the warrant's execution.)

For these reasons, the Court converted defendants' motion to a motion for summary judgment, explained to Williams in detail at a status hearing what the Court

4

was doing and what it meant, and gave Williams an opportunity to respond to the motion. Williams has now done so.

The Court agrees with defendants' contention that Williams' claim relating to the issuance of the search warrant is barred by virtue of the fact that he litigated and lost the same claim in the state court criminal proceeding. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Harris v. Kado*, 391 F. App'x 560, 2010 WL 3069722, at *2-3 (7th Cir. Aug. 4, 2010). Having lost on the exact same point in state court, Williams is not entitled to relitigate it as an affirmative claim in his present lawsuit.

Second, any state law malicious prosecution claim that Williams is making is barred by the fact that the criminal case was not concluded in his favor; rather, he pled guilty. *See Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996) (malicious prosecution claim requires termination of underlying criminal case in favor of civil case plaintiff).

Finally, Williams's false arrest claim is barred by his guilty plea. A guilty plea does not always means that a plaintiff cannot bring a civil claim under the Fourth Amendment, but a civil claim that is inconsistent with a criminal conviction that has not been overturned is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See, e.g., Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). In this case, the record reflects that Williams's state court convictions were premised upon testimony proffered at his guilty plea hearing that he was observed dropping plastic baggies that were found to contain heroin. Because these same events were the basis for Williams's arrest, allowing him to pursue a false arrest charge here would, in fact, be inconsistent with his criminal conviction. Thus Williams's false arrest claim is barred as well.

**Conclusion**

For these reasons, the Court grants defendants' motion to dismiss [dkt. no. 40-1 & 40-2], which has been converted to a motion for summary judgment. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff.

Date: September 19, 2016

_____
MATTHEW F. KENNELLY
United States District Judge